**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO.: 3:19-cv-1139-J-39MCR

v.

$121,180.00 IN UNITED STATES
CURRENCY,

    Defendant,

_____

    Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimant Alton Smith sets forth the following Answer and Affirmative Defenses to the Verified Complaint for Forfeiture In Rem.

## ANSWER

1. Admitted.

2. Claimant lacks knowledge as to the present whereabouts of the defendant currency and thus neither admit nor deny the allegations in Paragraph 2.

3. Paragraph 3 states conclusions of law to which no response is required.

4. Paragraph 4 states conclusions of law to which no response is required.

5. Admitted.

6. Claimant lacks knowledge as to the present whereabouts of the defendant currency and thus neither admit nor deny the allegations in Paragraph 6.

7. Paragraph 7 states conclusions of law to which no response is required.

8. Denied.

9. Claimant lacks information regarding the government's investigation and thus neither admits nor denies that the allegations in Paragraph 9 of the Complaint accurately report the affiant's investigation.

10. Claimant lacks personal knowledge of SA Bradshaw's employment history and thus neither admits nor denies any claim in Paragraph 10 regarding his experience as a law enforcement officer.

11. Claimant lacks information regarding Trooper Payne's investigation and thus neither admits nor denies that the allegations in Paragraph 11 of the Complaint accurately report the affiant's investigation.

12. Claimant objects that the allegations in Paragraph 12 of the Complaint report hearsay statements not within the personal knowledge of the Claimant. Claimant denies having personal knowledge of any hearsay statements made by Ramdial to Trooper Payne and thus neither admits nor denies the allegations in Paragraph 12.

13. Claimant denies the allegation that he avoided answering Trooper Payne's question. Claimant denies acting nervous during questioning.

14. Claimant denies having personal knowledge of the results of the free air sniff on the Mazda and thus neither admits nor denies the allegations related to police dog "ACE" in Paragraph 14. Claimant admits that he told Trooper Payne there was nothing illegal in the car and the money was only for his business that he had just gone to buy a truck.

15. Admit.

16. Claimant denies having personal knowledge of the bag lineup procedure and thus neither admits not denies the allegations in Paragraph 16.

17. Claimant denies having personal knowledge regarding any video or audio recording equipment in Trooper Payne's patrol car and thus neither admits nor denies the allegations in Paragraph 17.

18. Claimant denies having personal knowledge regarding any video or audio recording equipment in Trooper Payne's patrol car and thus neither admits nor denies the allegations in Paragraph 18.

19. Claimant denies having personal knowledge regarding any video or audio recording equipment in Trooper Payne's patrol car and thus neither admits nor denies the allegations in Paragraph 19.

20. Claimant denies having personal knowledge regarding any video or audio recording equipment in Trooper Payne's patrol car and thus neither admits nor denies the allegations in Paragraph 20.

21. Claimant denies having personal knowledge regarding any video or audio recording equipment in Trooper Payne's patrol car and thus neither admits nor denies the allegations in Paragraph 21.

22. Claimant lacks information regarding Trooper Payne's investigation and thus neither admits nor denies that the statements in Paragraph 22 accurately report the Claimant's statements during the investigation. Claimant admits that he owns the trucking company First Liberty Transport LLC.

23. Claimant lacks information regarding Trooper Payne's investigation and thus neither admits nor denies that the statements in Paragraph 23 accurately report the Claimant's statements during the investigation.

24. Claimant denies having personal knowledge regarding any video or audio recording equipment in Trooper Payne's patrol car and thus neither admits nor denies the allegations in Paragraph 24.

25. Claimant objects that the allegations in Paragraph 25 of the Complaint report hearsay statements not within the personal knowledge of the Claimant. Claimant denies having personal knowledge of any hearsay statements made by Ramdial to Trooper Payne and thus neither admits nor denies the allegations in Paragraph 25.

26. Claimant lacks information regarding SA Bradshaw's investigation and thus neither admits nor denies that the statements in Paragraph 26 accurately report the Claimant's statements during the investigation.

27. Claimant lacks information regarding SA Bradshaw's investigation and thus neither admits nor denies that the statements in Paragraph 27 accurately report the Claimant's statements during the investigation.

28. Claimant objects that the allegations in Paragraph 28 of the Complaint report hearsay statements not within the personal knowledge of the Claimant. Claimant denies having personal knowledge of any hearsay statements made by Ramdial to SA Bradshaw and thus neither admits nor denies the allegations in Paragraph 28.

29. Claimant lacks information regarding SA Bradshaw's investigation and thus neither admits nor denies that the statements in Paragraph 29 accurately report the Claimant's statements during the investigation.

30. Denied.

31. Claimant denies having personal knowledge regarding the official county of the defendant currency and thus neither admits nor denies the accuracy of the count.

32. Paragraph 32 states conclusions of law to which no response is required.

33. Paragraph 33 states conclusions of law to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The defendant currency was not traceable to the exchange of a controlled substance or intended to be exchanged for a controlled substance and therefore is not subject to forfeiture. The initial burden is on the government to show that probable cause existed for the seizure of the funds. "Probable cause" for this purpose requires a showing that a substantial connection existed between the money seized and drug dealing.

### THIRD AFFIRMATIVE DEFENSE

Forfeiture of the defendant currency violates the Due Process Clause of the Fifth Amendment to the United States Constitution because law enforcement officers involved in pursuing the forfeiture have a financial incentive in securing forfeiture. State and federal law enforcement agencies involved in the forfeiture may retain proceeds from the forfeiture to fund their activities. And, on information and belief, individual law enforcement officials within the relevant state and federal law enforcement agencies have an incentive to forfeit property to ensure their job security.

### FOURTH AFFIRMATIVE DEFENSE

Forfeiture of the defendant currency is barred by the Appropriations Clause of Article I, Section 9 of the United States Constitution. If the forfeiture is completed, law enforcement agencies will be able to use money from the forfeiture to fund their activities absent any

appropriation from Congress. But, under the Appropriations Clause, money for government spending must be secured through congressional appropriation.

## FIFTH AFFIRMATIVE DEFENSE

Forfeiture of the defendant currency is barred by the prohibition against excessive fines set forth in the Eighth Amendment to the United States Constitution.

WHEREFORE, Claimant hereby requests that the Court deny Plaintiff's claim for forfeiture of the defendant currency; order the defendant currency returned to Claimant; order that Plaintiff pay Claimant's attorneys' fees and costs pursuant to 28 U.S.C. § 2465(b)(1)(A); order that Plaintiff pay pre- and post-judgment interest on the defendant currency to Claimant pursuant to 28 U.S.C. §2465(b)(1)(B)–(C); and enter such additional relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Richard B. Parker, Esq.**
**Trial Counsel**
Richard B. Parker
Florida Bar Number 99933
Attorney for Claimant
Mandell Law, P.A.
131 S. New York Ave.,
Winter Park, FL 32789
Telephone: 407-457-8300
Facsimile: 407-386-9550
rparker@fightforyou.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 4, 2020, I electronically filed a true copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing.

**/s/ Richard B. Parker, Esq.**
**Trial Counsel**
Richard B. Parker
Florida Bar Number 99933
Attorney for Claimant
Mandell Law, P.A.
131 S. New York Ave.,
Winter Park, FL 32789
Telephone: 407-457-8300
Facsimile: 407-386-9550
rparker@fightforyou.org